**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Joseph G. Rosania, Jr.

| | |
|---|---|
| In re:<br><br>ELYCE MARIE YORK,<br>SSN:  xxx-xx-7187,<br><br><br>Debtor. | Case No. 22-14867-JGR<br>Chapter 7 |
| JOLI A. LOFSTEDT, Chapter 7 Trustee,<br><br>Plaintiff.<br>v.<br><br>NEBRASKA BANK,<br>NEBNK PROPERTIES, LLC,<br><br>Defendants. | Adv. Pro. No. 25-01317-JGR |

**ORDER TRANSFERRING VENUE**

THIS MATTER is before the Court on the Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(3), or in the Alternative, for a Transfer of Venue Pursuant to 28 U.S.C. § 1404(a) filed by Nebraska Bank and NEBNK Properties, LLC ("NEBNK") (together "Defendants") on December 2, 2025 (Doc. 6); the Response filed thereto by Chapter 7 Trustee, Joli A. Lofstedt ("Plaintiff") on December 16, 2025 (Doc. 8); and the Reply filed by the Defendants on December 31, 2025 (Doc. 12).

**Background**

This adversary proceeding arises from long-standing and acrimonious disputes between the Defendants and the Debtor, Elyce Marie York ("York") and her company, Lardyn Consulting, LLC ("Lardyn"), as a result of York and Lardyn's defaults under various lending agreements.

On September 9, 2022, Lardyn filed a chapter 12 bankruptcy case, Case No. 22-13443-JGR, to stay various collection efforts including those of Nebraska Bank.

Lardyn operated a farm and feed lot in Sterling, Colorado.  The Statement of Financial Affairs represented membership interests were held by York (80%), the Elyce York Family Trust #1 (15%), Pauling Hauling (3%), and Cherry Creek Cattle Co. (2%).

On December 2, 2022, prior to the filing of a chapter 12 plan, Lardyn filed a Motion to Dismiss the chapter 12 case, which indicated NEBNK obtained York's ownership interest in Lardyn, removed York as Manager, and directed dismissal of the bankruptcy case.  The Motion also indicated that York disputed the validity of the transfer of the equity interests and dismissal of the case.  An order dismissing the case entered on December 6, 2022.

On December 14, 2024, York filed an individual chapter 12 bankruptcy case, Case No. 22-14867-JGR ("Bankruptcy Case").  The petition listed her residential address as 18413 CR 42.5, Sterling, CO 80751, the same address as the Lardyn farm and feed lot. The Bankruptcy Case was filed to continue cattle operations on the Lardyn property.  The Chapter 12 Trustee objected to exemptions on July 6, 2023 (Bankruptcy Case Doc. 129), in which he stated his investigation revealed that the Debtor testified at the Meeting of Creditors that the only real property she owned was located in Sidney, Nebraska, that her children go to school in Nebraska, and that the Debtor was a resident of Nebraska.  She filed a change of address on January 25, 2025, indicating a new address in Sidney, Nebraska (Bankruptcy Case Doc. 289).

On February 2, 2023, Nebraska Bank filed a Motion for Relief from Stay (Bankruptcy Case Doc. 38), to foreclose on collateral pledged by York, including a second lien in a residence at 1660 Summitt Drive, Sydney NB; 192 bred heffers; 4 bulls; a proceeds check issued by Ogalala Livestock Market for 28 heffers; a 2015 GMC Yukon, and tools and equipment.  York timely objected to the Motion (Bankruptcy Case Doc. 62). The hearing on the Motion was continued from time to time until the Motion was withdrawn by Nebraska Bank on July 26, 2023 (Bankruptcy Case Doc. 132).

While the Motion for Relief from Stay was pending, York filed her initial chapter 12 plan on March 12, 2023 (Bankruptcy Case Doc. 90).  On March 14, 2023, the Court entered an Order Holding Confirmation of Chapter 12 Plan in Abeyance Pending Resolution of the Motion for Relief from Stay filed by Nebraska Bank (Bankruptcy Case Doc. 95).

On September 8, 2023, Nebraska Bank and Platte Valley Bank filed a Motion to Convert or Dismiss the Bankruptcy Case (Bankruptcy Case Doc. 131) and York timely objected (Bankruptcy Case Doc. 151).

On October 27, 2023, the Court entered an Order Directing the Debtor to file an amended chapter 12 plan of reorganization (Bankruptcy Case Doc. 156).  York filed her amended chapter 12 plan of reorganization on November 29, 2023 (Bankruptcy Case Doc. 183).

The Court scheduled a combined hearing on the Motion to Dismiss or Convert and Confirmation of the Amended Chapter 12 Plan for January 16, 2024 (Bankruptcy Case Doc. 194).  Prior to the hearing, on January 3, 2024, York filed a Motion to Convert the Bankruptcy Case to Chapter 7 (Bankruptcy Case Doc. 231), which was granted by order entered January 3, 2024 (Bankruptcy Case Doc. 232).  Upon conversion, Plaintiff was appointed to serve as the Chapter 7 Trustee for the Bankruptcy Case.

**The Adversary Proceeding**

On October 31, 2025, Plaintiff filed her Complaint against Defendants (Doc. 1).  In general, the Complaint alleges Nebraska Bank improperly foreclosed on the equity interests in Lardyn, then transferred the interest to NEBNK, a company formed to hold the equity interests in Lardyn.  The Complaint further alleges NEBNK wrongfully orchestrated the dismissal of Lardyn's chapter 12 bankruptcy case.

The Complaint raises five claims for relief:

1.  Breach of the Duty of Good Faith and Fair Dealing;

2.  Breach of Fiduciary Duty;

3.  Unreasonable Disposition of Collateral;

4.  Disallowance of Claim under 11 U.S.C. § 502(b); and

5.  Equitable Subordination under 11 U.S.C. § 510.

The Complaint alleges subject matter jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1334(a) and the automatic referral of bankruptcy matters from the United States District Court for the District of Colorado per D.C.COLO.LCivR 84.1(a) as a "core proceeding" under 28 U.S.C. § 157(b)(2)(A)(matters concerning the administration of the estate); (B)(allowance or disallowance of claims against the estate); (C)(counterclaims by the estate against persons filing claims against the estate); (F)(proceedings to determine, avoid, or recover preferences); and (K)(determinations of the validity, extent, or priority of liens).

The Complaint is silent as to venue and does not advance a claim for relief for avoidance of transfers under 11 U.S.C. §§ 547, 548 or 549, or a claim for relief relating to the validity, extent, or priority of liens against property of the estate.

The Complaint was properly served and in response, the Defendants filed their Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(3), or in the Alternative, for a Transfer of Venue Pursuant to 28 U.S.C. § 1404(a) (the "Motion").

**Fed.R.Civ.P. 12(b)(3) Dismissal**

In the Motion, the Defendants allege the operative lending documents include forum-selection clauses requiring disputes arising under the lending documents be exclusively submitted to the venue and jurisdiction of the courts of Nebraska.

Fed.R.Civ.P. 12(b)(3), as incorporated in Fed.R.Bankr.P. 7012, allows for dismissal of a Complaint for improper venue.  "A motion to dismiss based on a forum-selection clause frequently is analyzed as a motion to dismiss for improper venue under Fed.R.Civ.P. 12(b)(3)." *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 956 (10th Cir. 1992).

In her response, Plaintiff argues Fed.R.Civ.P. 12(b)(3) cannot be used to enforce the forum-selection clause.  It can only be used when venue is "wrong" or "improper."

Venue generally in district courts is governed by 11 U.S.C. § 1391(b), which provides: "—a civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Plaintiff argues venue is appropriate under 11 U.S.C. § 1391(b)(2) as the Lardyn feed lot and the Debtor's claimed residence were in Sterling, Colorado.  In addition, Plaintiff argues at a minimum, venue is proper under 28 U.S.C. § 1409(a), which provides that "a proceeding arising under title 11 or arising in or relating to a case under title 11 may be commenced in the district court in which such case is pending."  Plaintiff cites *In re Kreidle*, 143 B.R. 941, 944 (D. Colo. 1992), for the proposition that "a proceeding is related if the outcome could conceivably have any effect on the estate being administered in bankruptcy."

The Court agrees dismissal of the adversary proceeding is not warranted because venue in the District of Colorado was not "wrong" or "improper" under 28 U.S.C. § 1409(a).

**Transfer of Venue**

Alternatively, the Defendants argue venue should be transferred to Nebraska based on the forum-selection clauses contained in the operative agreements pursuant to 28 U.S.C. § 1404(a), which provides:

4

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

Plaintiff opposes transferring venue, arguing the public interest in centralizing bankruptcy proceedings outweighs the interests in enforcing the forum-selection clause.

Plaintiff argues that all of the claims for relief are core proceedings. The Breach of the Duty of Good Faith and Fair Dealing; Breach of Fiduciary Duty; and Unreasonable Disposition of Collateral claims are characterized as counterclaims by the estate against persons filing claims against the estate pursuant to 28 U.S.C. § 157(b)(2)(C). She argues that because the claims at issue are all core, the public-interest weighs in favor of retaining venue in the District of Colorado.

Whether appropriately cast as "core" counterclaims, or not, the events giving rise to the claims occurred pre-petition. The claims did not arise under title 11 or in a case under title 11.

Plaintiff submits that when an adversary proceeding is "core" multiple courts in the Tenth Circuit have held the public interest in centralizing bankruptcy proceedings outweighs the interest in enforcing forum-selection clauses. Plaintiff primarily relies on two cases: *Harpole Constr., Inc. v. Medallion Midstream, LLC (In re Harpole Constr., Inc.)*, Nos. 15-12630 t11, 16-1058 t, 2016 Bankr. LEXIS 4070 (Bankr. D.N.M. Nov. 23, 2016) and *In re John Q. Hammons Fall 2006, LLC*, No. 16-21142, 2017 Bankr. LEXIS 3565 (Bankr. D. Kan. Oct. 13, 2017). Both cases are distinguishable.

The forum-selection clauses in *Harpole* were included in contracts entered into post-petition by a chapter 11 debtor. "Unlike prepetition contract claims, which are "non-core," claims on post-petition contracts fall within the "administrative matters" element of core proceedings as defined in 28 U.S.C. § 157(b)(2)(A). *Harpole* at *16.

*Hammons* involved a motion for relief from stay to continue pre-petition state court litigation. The forum-selection clause was contained in a right of first refusal agreement that was rejected as an executory contract under 11 U.S.C. § 365(a) and was one of the factors considered in denying the motion for relief from stay.

The court applied the forum-selection clause analysis set forth in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S. Ct. 1907 (1972). *Bremen* held "forum-selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable under the circumstances.'" *Id.* at 10. The court observed "[U]nder the *Bremen* framework, a forum selection clause may be unreasonable if it would cause great inconvenience, is contrary to a strong public policy, or if the clause is invalid for reasons such as fraud or overreaching." *Hammons* at *15.

*Hammons* found that the rejection of the right of first refusal agreement did not invalidate the forum-selection clause, but changed the focus of the dispute from performance, which had been litigated pre-petition, to damages for breach as a result of the rejection which could be better handled better in the claims adjudication process before the bankruptcy court.  Under the circumstances, the strong policy of centralized resolution of claims in the bankruptcy court outweighed the enforcement of the forum-selection clause. *Hammons at* \*18-9.

*D.E. Frey Grp., Inc. v. FAS Holdings, Inc. (In re D.E. Frey Grp., Inc.)*, 387 B.R. 799 (D. Colo. 2008), rejected the argument that "where a proceeding falls within a bankruptcy court's core jurisdiction, a forum selection clause will not override" because "public policy favors centralization of bankruptcy proceedings in the bankruptcy court where the case is pending." *Id.* at 804.  Following the direction of *Bremen*, *D.E. Frey* held forum-selection clauses are "presumptively valid and must be enforced unless the party seeking to avoid the agreed-to forum demonstrates that enforcement would be unreasonable under the circumstances." *Id.*  "While there is a public policy consideration that may be impaired when core proceedings are transferred, the public policy consideration is only one factor and should not be given controlling weight in light of the permissive nature of bankruptcy jurisdiction." *Id.* at 807.

The Supreme Court has held a forum-selection clause may be enforced by a motion to transfer under 28 U.S.C. § 1404(a).  "When a defendant files such a motion, we conclude, a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 52 (2013).

As opposed to cases that do not involve a forum-selection clause, where courts weigh the convenience of the parties with various public-interest considerations, the existence of a valid forum-selection clause changes the calculus. *Id.* at 62-3.  As argued by the Defendants:

> First, the court must give no weight to the plaintiff's choice of forum; rather, the plaintiff bears the burden to establish why transferring the matter to the forum bargained for by the parties is unwarranted. *Id.* at 63.
>
> Second, the court cannot consider the parties' private interest in a manner other entirely in favor of the preselected forum. *Id.* at 64. Therefore the Court's ability to weigh factors in opposition to the transfer is restricted solely to those that concern public interest factors, which "rarely defeat a transfer motion. . . and although it is "conceivable in a particular case" that the district court "would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause," such cases will not be common." *Id.*

6

Third, "when a party bound by a forum selection clause flouts its contractual obligation and files suit in a different forum, a motion to transfer pursuant to 11 U.S.C §1404(a) will not carry with it the original venue's choice-of-law rules, a factor that in some circumstances may affect public-interest considerations. *Id.*

In addition to the forum-selection clause, Defendants argue that transferring the adversary proceeding to Nebraska promotes the convenience of the parties and witnesses.

(a) Defendants are organized in the state of Nebraska, and their principal places of business and officers are located there.

(b) Lardyn is organized in the state of Nebraska and its principal place of business is in Nebraska.

(c) The Debtor resides in Nebraska.

(d) Plaintiff is the only party benefitted by having the proceeding in the District of Colorado.

Defendants assert the claims for relief set forth in the complaint include both core and non-core claims. They argue Breach of the Duty of Good Faith and Fair Dealing; Breach of Fiduciary Duty; and Unreasonable Disposition of Collateral are non-core claims that, in the absence of bankruptcy, could have been brought in a district or state court. "Related proceedings are civil proceedings that, in the absence of a bankruptcy petition, could have been brought in a district court or state court." *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990).

The Court agrees. The first three claims for relief in the adversary proceeding are non-core, which occurred pre-petition, and arise under Nebraska state law. Plaintiff has failed to establish that enforcement of the forum-selection clause would be unreasonable under the circumstances. Plaintiff has failed to prove that the transfer to the District of Nebraska would cause great inconvenience, or that the forum-selection clause is invalid. Because the claims are related to the bankruptcy case as opposed to arising under Title 11 or in a case under Title 11, the public policy of centralizing the dispute in the bankruptcy court does not outweigh the interest in enforcing the forum-selection clause. The convenience of the parties dictates that the case should be heard in the District of Nebraska. The Plaintiff has failed to prove extraordinary circumstances clearly disfavor the transfer. Transfer of venue to the United States Bankruptcy Court for the District of Nebraska is appropriate under 28 U.S.C. § 1404(a).

Defendants argue transfer of the two core claims, Disallowance of Claim under 11 U.S.C. § 502(b) and Equitable Subordination under 11 U.S.C. § 510, is appropriate under 28 U.S.C. § 1412, which provides: "a District Court may transfer a case or proceeding

under title 11 to a district court or another district, in the interest of justice or for the convenience of the parties."

The two core claims are dependent upon the success of the first three claims. The core claims are inextricably linked with the non-core claims. The convenience of the parties and the interest of justice favor a transfer of venue to the United States Bankruptcy Court for the District of Nebraska pursuant to 28 U.S.C. § 1412.

At bottom, since venue of the Bankruptcy Case was tenuous, the key witnesses and the Defendants are in Nebraska, the parties agreed to resolve their disputes in Nebraska, the underlying facts occurred in Nebraska, and the resolution of the case involves the interpretation of Nebraska state law, transfer to Nebraska is not only appropriate, but required.

Therefore, it is ORDERED that this adversary proceeding is transferred to the United States Bankruptcy Court for the District of Nebraska pursuant to NEGenR 1.5(a).

Dated this 13th day of March, 2026.

BY THE COURT:

_____
Joseph G. Rosania, Jr.
United States Bankruptcy Judge